**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| DAWN V.,[1] | : | Case No. 1:25-cv-00570 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits in August 2022. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision For the reasons set forth below, this Court **REVERSES** the Commissioner's decision and **REMANDS** for further proceedings.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

## I. BACKGROUND

Plaintiff asserts that she has been under a disability since July 5, 2022. At that time, she was forty-two years old and was considered a "younger person." 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 6) is summarized in the ALJ's decision ("Decision," Doc. No. 6 at PageID 33-62), Plaintiff's Statement of Errors ("SE," Doc. No. 7), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 9), and Plaintiff's Reply Memorandum ("Reply," Doc. No. 10). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## II. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "[W]hether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d

399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence

supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## III. FACTS

### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful activity since July 5, 2022, the alleged onset date.

Step 2: She has the severe impairments of disorders of the skeletal spine, obesity, mood disorder, anxiety disorder, post-traumatic stress disorder, obsessive compulsive disorder, and borderline intellectual functioning.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "[Plaintiff] can occasionally climb ramps and stairs, but she can

> never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] is able to concentrate, persist, keep pace, and adapt to the demands of simple, routine tasks ongoing for a 40-hour work week, with occasional social interaction, no public interaction, and mild workplace pressures and changes, defined as only occasional changes, not requiring a specific production rate such as assembly line work, and not requiring fast pace."
>
> She is unable to perform any of her past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

(Decision, Doc. No. 6 at PageID 38-57.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability. (*Id.* at PageID 57.)

**B. State Agency Psychological Consultants**

State agency psychological consultant Erika Gilyot-Montgomery, Psy.D. reviewed the record and completed a Disability Determination Form in March 2023. (AR, Doc. No. 6 at PageID 94-100.) Dr. Gilyot-Montgomery concluded that Plaintiff was moderately impaired in all four "B criteria" areas of work-related mental functioning. (*Id.* at PageID 94-95.) In the area of understanding and memory, Dr. Gilyot-Montgomery found that Plaintiff was markedly limited in the ability to understand and remember detailed instructions and moderately limited in the ability to remember locations and work-like procedures. (*Id.* at PageID 98.) Regarding sustained concentration and persistence, Dr. Gilyot-Montgomery found marked limitation in the ability to carry out detailed instructions and moderate limitation in the following abilities: maintain attention and concentration for extended periods; work in coordination with or in proximity to others

without being distracted by them; complete a normal workday and workweek without interruptions from psychologically-based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.* at PageID 99.)

In the area of social interaction, Dr. Gilyot-Montgomery found that Plaintiff was moderately limited in the abilities to interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (AR, Doc. No. 6 at PageID 99.) In the final area of adaptation, Dr. Gilyot-Montgomery found moderate impairment in Plaintiff's ability to respond appropriately to changes in the work setting, set realistic goals or make plans independently of others. (*Id.*)

Based upon her findings, Dr. Gilyot-Montgomery identified the following work-related restrictions: "[Plaintiff] is able to concentrate, persist, keep pace and adapt to the demands of simple, routine 1-2 step tasks ongoing for [a 40-hour] work week with superficial social interaction, no public interaction and mild workplace pressures and changes." (AR, Doc. No. 6 at PageID 100.)

Katherine Fernandez, Psy.D. reviewed the updated record and completed a Disability Determination Form in August 2023. (AR, Doc. No. 6 at PageID 105-12.) Dr. Fernandez concurred with and adopted the limitations identified by Dr. Gilyot-Montgomery. (*Id.*)

**C. The ALJ's Decision**

The ALJ found the state agency psychological consultants' findings to be "partially persuasive." (Decision, Doc. No. 6 at PageID 53.) The ALJ explained:

> Although the consultants did not examine [Plaintiff], they provided specific reasons for their opinions, showing that the opinions were grounded in the evidence in the case record and [Plaintiff's] allegations about her symptoms and limitations. These opinions are generally consistent with and supported by the evidence of record, which shows that [Plaintiff's] test scores in 2021 showed deficits in her intellectual functioning (3F), but the evidence also shows that [Plaintiff] has generally exhibited a normal mood, affect, behavior, memory, attention/concentration, intellectual functioning, and/or judgment during other examinations of record (4F/9, 12; 5F/8; 6F/4; 7F/10, 13, 16; 11F/4-61; 15F/14, 18, for example).

(*Id.* at PageID 53-54.) However, the ALJ did not adopt the consultants' proposed limitations verbatim because they "used vague terms/phrases, such as 'superficial' and 'mild workplace pressures', which reduces the persuasiveness. Consequently, the undersigned used terms that were defined and policy compliant." (*Id.* at PageID 54.)

## IV. LAW AND ANALYSIS

### A. Plaintiff's Assignments of Error

Plaintiff alleges three errors: (1) the ALJ "fail[ed] to recognize the distinction between limiting the quantity of time spent with an individual with the limitation relating to the quality of the social interactions"; (2) the ALJ failed to properly evaluate Plaintiff's disability placard prescription; and (3) the ALJ failed to properly evaluate the Third-Party Function Report from Plaintiff's mother. (SE, Doc. No. 7 at PageID 933.) Finding error in the ALJ's analysis of the opinions of the State agency psychological consultants that Plaintiff should be limited to superficial interactions, the Court does not address the remaining issues and instead instructs the ALJ to address all of them on remand.

## B. Applicable Legal Framework

Under the applicable regulations for evaluating medical opinion evidence, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ...." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

The first two factors—supportability and consistency—are the "most important." 20 C.F.R. § 404.1520c(b)(2). The supportability factor recognizes that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." 20 C.F.R. § 404.1520c(c)(1). Therefore, an ALJ's supportability analysis addresses whether a medical professional has provided sufficient justification for their *own* conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022); *accord Burke v. O'Malley*, No. 8:23-cv-415, 2024 U.S. Dist. LEXIS 48944, *8 (M.D. Fla. Mar. 20, 2024) ("Supportability addresses the extent to which a medical source or consultant has articulated record evidence bolstering her own opinion or finding.").

The consistency factor, by contrast, recognizes that "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical

sources in the claim, the more persuasive the medical opinion(s) ... will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ's consistency analysis therefore compares the medical opinion at issue to evidence from "*other* medical and nonmedical sources." *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023) (emphasis added).

Because they are the most important factors, the ALJ is required not only to consider the supportability and consistency of all medical opinions in the record, but also to "explain *how* he or she considered them."[2] *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (quoting 20 C.F.R. § 404.1520c(b)(2) (internal punctuation omitted and emphasis added)). No "specific level of detail" is required, as "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-03834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal quotations and citations omitted). Thus, ALJs need not use "magic words or any specific phrasing" to comply with the applicable regulations. *Id*. For example, an ALJ is not required "to use the terms 'consistency' or 'supportability' to fulfill her obligation to consider those factors." *Vieira v. Bisignano*, No. 1:25-cv-12943, 2026 U.S. Dist. LEXIS 161155, *17 (D. Mass. July 21, 2026).

Nevertheless, an ALJ is required "to show his or her work." *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022)

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

(internal quotations and citation omitted). Thus, "[t]his Court cannot uphold an ALJ's decision, even if there if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (cleaned up) (internal quotations and citation omitted). *See also Danyel P. v. Comm'r of Soc. Sec.*, No. 2:21-CV-02405, 2022 WL 1514170, at *6 (S.D. Ohio May 13, 2022) (ALJ's "inexplicable and illogical consistency" warranted remand); *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00310, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (ALJs must "provide a coherent explanation of [their] reasoning ... in order to provide sufficient rationale for a reviewing adjudicator or court"); *Hardiman v. Comm'r of Soc. Sec.*, No. 2:12-CV-00508, 2013 WL 3762266, at *5 (S.D. Ohio July 16, 2013) (remanding case where "the ALJ's decision is internally inconsistent and incomplete"). It is well-established that determination of the RFC is a task reserved for the ALJ. 20 C.F.R. § 404.1546(c); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("[T]he ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of his [RFC]'").

A claimant's RFC describes the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC on all relevant evidence in the record, including the claimant's descriptions of her limitations and symptoms, objective medical evidence, medical opinions, other medical evidence,

evidence from non-medical sources, and prior administrative medical findings. *See* 20 C.F.R. § 404.1545(a)(1)-(5); *see also* Social Security Ruling (SSR) 96-8p, 1996 SSR LEXIS 5, at **5-6 (S.S.A. July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20.

### C. The ALJ Reversibly Erred by Finding That Plaintiff Is Capable of Occasional Social Interactions and By Failing to Limit Plaintiff to Superficial Social Interactions

Plaintiff asserts that the ALJ reversibly erred by failing to account for the findings of the state agency psychological consultants, who opined that Plaintiff should be limited to superficial social interactions. (SE, Doc. No. 7 at PageID 937-38.) Challenging the ALJ's reasoning that the term "superficial" is "'vague' and not vocationally defined," Plaintiff argues that "'superficial' interaction is a well-established limitation. Indeed, courts have routinely recognized the distinction between limiting the quantity of time spent with an individual with the limitation relating to the quality of the interactions." (*Id.* at PageID 937 (quoting Decision, Doc. No. 6 at PageID 54).) Defendant responds by contending that the ALJ's explanation is reasonable and provides substantial evidence to support his conclusion. (Mem. In Opp., Doc. No. 9 at PageID 948-49 (citing Decision, Doc. No. 6 at PageID 54).)

The Court agrees with Plaintiff. Although the term "superficial" is not defined in the Dictionary of Occupational Titles (DOT), Social Security regulations, Social Security Rulings, or HALLEX, this Court has repeatedly held that "superficial interaction" is a "well-recognized, work-related limitation." *E.g., Hutton v. Comm'r of Soc. Sec.*, No.

2:20-CV-339, 2020 U.S. Dist. LEXIS 119973, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), *report and rec. adopted*, 2020 U.S. Dist. LEXIS 132998, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.); *Swank v. Comm'r of Soc. Sec.,* No. 2:20-CV-2396, 2021 U.S. Dist. LEXIS 70001, 2021 WL 1345420, at *5 (S.D. Ohio April 12, 2021) (Preston Deavers, M.J.), *report and rec. adopted*, 2021 U.S. Dist. LEXIS 90265, 2021 WL 1909701 (S.D. Ohio May 12, 2021) (Graham, D.J.); *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 U.S. Dist. LEXIS 136427, 2021 WL 3087639, at *5 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and rec. adopted*, 2021 U.S. Dist. LEXIS 148619, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.). Indeed, in an unreported opinion, the Sixth Circuit held that the ALJ did not err by using "the term 'superficial,' a 'well-recognized work-related limitation.'" *Preston v. Comm'r of Soc. Sec.*, No. 22-4026, 2023 U.S. App. LEXIS 15613, 2023 WL 4080104, at *4 (6th Cir. June 20, 2023) (quoting *Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021 U.S. Dist. LEXIS 202840, 2021 WL 4905438, at *5 (S.D. Ohio Oct. 21, 2021) (Silvain, M.J.), *report and rec. adopted*, 2021 U.S. Dist. LEXIS 217479, 2021 WL 5235326 (S.D. Ohio, Nov. 10, 2021) (Rice, D.J.)). Therefore, the ALJ's reasoning was erroneous.

Defendant also argues that "the ALJ's conclusion—that the doctor's superficial limitations were inconsistent with objective findings—is supported by substantial evidence in the record." (Mem. In Opp., Doc. No. 8 at PageID 948.) This argument misconstrues the ALJ's analysis. In fact, the ALJ did ***not*** conclude that the superficial limitation was inconsistent with the objective findings. Instead, the ALJ stated that the consultants supported their opinions with "specific reasons" that showed "the opinions

were grounded in the evidence in the case record and [Plaintiff's] allegations about her symptoms and limitations." (Decision, Doc. No. 6 at PageID 53-54.) The ALJ also concluded that the consultants' opinions were "consistent with and supported by the evidence of record …." (*Id.* at PageID 54.) The ALJ did not, therefore, articulate the reasons why he chose to ***discount*** the superficial social limitation and explain, as he would be required to do, his analysis of the supportability and consistency factors. *See* 20 C.F.R. § 404.1520c(c). Instead, the sole reason the ALJ provided for his decision not to limit Plaintiff to superficial interactions is that "superficial" is not a vocationally defined term. (Decision, Doc. No. 6 at PageID 54 ("However, the consultants also used vague terms/phrases, such as 'superficial' and 'mild workplace pressures', which reduces the persuasiveness. Consequently, the undersigned used terms that were defined and policy compliant.").)

The Court further finds that the ALJ erred by attempting to accommodate the consultants' recommended "superficial" restriction with a limitation to occasional social contact. By rejecting the term "superficial," stating that he used "terms that were defined and policy compliant," and then limiting Plaintiff to "occasional" interactions, the ALJ implied that these terms are interchangeable. (Decision, Doc. No. 6 at PageID 54.) They are not. As this Court has repeatedly held, "occasional contact" refers to the ***quantity*** of time spent interacting with other individuals, and "superficial contact" refers to the ***quality*** of those interactions. Limiting Plaintiff to occasional contact does nothing to ensure that required interactions will be superficial. The ALJ's conclusion that Plaintiff is capable of occasional interactions, without including a limitation that restricts her to

superficial interactions, constitutes reversible error. *E.g., Corey v. Comm'r of Soc. Sec.*, No. 2:18-cv-1219, 2019 U.S. Dist. LEXIS 118643, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions.'"); *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 U.S. Dist. LEXIS 119973, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), *report and rec. adopted*, 2020 U.S. Dist. LEXIS 132998, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.) (reversing and remanding where ALJ explanation was lacking because "superficial interaction" is a well-recognized, work-related limitation); *see also Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 U.S. App. LEXIS 14028, at *11-14 (6th Cir. June 6, 2025) (upholding a remand order that required the ALJ to adopt an RFC limitation for superficial interaction).

Finally, Defendant argues that the fact that the ALJ found the consultants' findings only partially persuasive—rather than persuasive—"underscores the ALJ's reasoning and conclusion that the record as a whole supported a finding that Plaintiff could have occasional, as opposed to superficial, interaction." (Mem. In Opp., Doc. No. 9 at PageID 949.) This argument too, is not well-taken.

To be clear, an ALJ is not required to adopt a medical opinion verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 156-57 (6th Cir. 2009). And even when an ALJ gives "great weight" to an opinion, "there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.,* 618 F. App'x 267,

275 (6th Cir. 2015). Nevertheless, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *7.

Therefore, even though the ALJ found the state agency psychological consultants' opinions to be only "partially persuasive," he was required to explain any decision not to adopt their opinions. As explained above, the ALJ did not apply any of the regulatory factors under 20 C.F.R. § 404.1520c(c) to discount the superficial social limitation. Instead, the ALJ simply stated that he did not include a "superficial" limitation because that term is not vocationally defined. (Decision, Doc. No. 6 at PageID 54.) As discussed above, that conclusion was erroneous.

**D. The ALJ's Error Was Not Harmless**

The ALJ's failure to include the state agency psychological consultants' limitation to superficial social contact in the RFC is not a harmless error. During the May 2024 hearing, the ALJ asked the vocational expert whether any jobs would be available to an individual with Plaintiff's vocational profile and the RFC in the decision. (AR, Doc. No. 6 at PageID 83-84.) The vocational expert replied that such an individual would be able to perform three light jobs and three sedentary jobs. (*Id.* at PageID 84.) The ALJ relied on these jobs at Step Five to conclude that Plaintiff is not disabled. (Decision, Doc. No. 6 at PageID 56-57.) But the ALJ did not ask any hypothetical questions to the vocational expert that also included a "superficial" social limitation. (*Id.* at PageID 84-86.)

The record is therefore unclear as to whether an additional limitation for superficial social contacts would allow Plaintiff to perform the identified jobs. A finding

of harmless error would impermissibly "invit[e] this court to perform a duty which is reserved to the ALJ. It is the ALJ, not the court, who must determine what jobs can be performed by plaintiff in light of her limitations." *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 U.S. Dist. LEXIS 136427, 2021 WL 3087639, at *6 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and rec. adopted*, 2021 U.S. Dist. LEXIS 148619, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.). Thus, reversal is warranted.

## V. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary, particularly as the opinions of the State agency psychological consultants, and evaluate the evidence of record under the applicable legal criteria

mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 7) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. The case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge